## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACIFIC LEASEHOLD COMPANY, LLC | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :    CIVIL ACTION NO. <br> : |
| FIRE & ICE DIAMOND GALLERY, INC. and KATHY E. JONES | : <br> : <br> : |
| Defendants. | : <br> : |

## COMPLAINT

Plaintiff, Pacific Leasehold Company, LLC, by and through its undersigned counsel, files this complaint against Defendants Fire & Ice Diamond Gallery, Inc. and Kathy E. Jones, and avers as follows:

### A.  BACKGROUND, JURISDICTION, AND VENUE

1.  This is a civil action for trademark infringement and unfair competition under federal statutory law, and false designation of origin under federal statutory law.  These claims arise out of Defendants Fire & Ice Diamond Gallery, Inc. and Kathy E. Jones' unauthorized marketing, distribution, offering for sale, and sale of products employing, without authorization, a trademark that

infringes Plaintiff Pacific Leasehold Company, LLC's registered trademarks for the mark FIRE & ICE®.

     2.     This Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1331, as a matter arising under the laws of the United States; under 28 U.S.C. § 1332(a) as a matter between citizens of different states, the amount in controversy exceeding the sum of $75,000, exclusive of interest and costs; under the provisions of 28 U.S.C. § 1338(a), as a civil action arising under an Act of Congress pertaining to trademarks; under 28 U.S.C. § 1338(b), as a related claim of unfair competition; and under the provisions of the Lanham Act, 15 U.S.C. §§ 1116 and 1121.

     3.     This Court has personal jurisdiction over the Defendants as they are a business and an individual that reside and whose principal place of business is within the Commonwealth of Pennsylvania.

     4.     Venue lies within this District upon the provisions of 28 U.S.C. § 1391(b) and (c).

**B.**    **PARTIES**

     5.     Pacific Leasehold Company, LLC ("Plaintiff" or "Pacific") is a California limited liability company with a principal place of business at 1408 Tenth Street, Modesto, California 95355.  Pacific, through its related

company, Rogers Jewelry Company ("Rogers"), has for many years been distributing and selling jewelry, including diamonds throughout the United States.

6.     Upon information and belief, Defendant Fire & Ice Diamond Gallery, Inc. is a Pennsylvania corporation operating a jewelry store at 1156 Walnut Bottom Road, Carlisle, Pennsylvania 17015 ("Defendant" or "Fire & Ice Diamond").     Fire & Ice Diamond has an Internet presence at fireandicediamondgallery.com.

7.     Upon information and belief, Defendant Kathy E. Jones ("Jones") is an individual resident of Pennsylvania who currently is the sole shareholder and president of Fire & Ice Diamond.   Jones is also the registered owner of the domain name fireandicediamondgallery.com. The Parties collectively may be referred to as "Defendants."

### C.   ALLEGATIONS

8.     Plaintiff is in the business of selling and distributing jewelry. Since the late 1990s, Plaintiff has been selling and distributing diamonds under its FIRE & ICE® brand, initially throughout California and Nevada.

9.     Plaintiff is also a licensor of a nationwide licensing program for FIRE & ICE® diamonds and has licensees in Arizona, Arkansas, California, Colorado, Indiana, Iowa, Kentucky, Louisiana, Michigan, Nevada, New York,

North Carolina, Oregon, Pennsylvania, South Carolina, Texas, Utah, Virginia, and Washington.

10.   Further, Plaintiff, through Rogers, has advertised and promoted the FIRE & ICE® diamonds on the www.rogersjewelryonline.com and www.thinkrogers.com websites since at least as early as 2004 ("Plaintiff's Websites").   In 2014, Plaintiff acquired control of the domain names www.fireandicediamonds.com and www.fireandicediamonds.net, and these websites include links that automatically redirects the accessing party to the Plaintiff's Websites.

11.   Plaintiff is the owner of two federal trademark registrations: FIRE & ICE® (Registration No. 2456648) (June 5, 2001; first use 1997), for "gemstones, namely, diamonds"; and FIRE & ICE® (Stylized) (Registration No. 4053117) (November 8, 2011), for "gemstones, namely diamonds" (collectively hereinafter the "FIRE & ICE® Trademarks").   The FIRE & ICE® Trademarks remain in full force and effect and are owned by Plaintiff. Registration No. 2456648 has become incontestable, by reason of appropriate filings under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and the FIRE & ICE® Trademarks are also entitled to constructive notice in accordance with Section 22 of the Lanham Act, 15 U.S.C. § 1072.  Copies of the Certificates of

Registration of the FIRE & ICE® Trademarks taken from the U.S. Patent and Trademark Office web site are attached as Exhibit "A" and incorporated herein.

12.     Plaintiff, through Rogers, has continuously and extensively used, advertised, and promoted the FIRE & ICE® Trademarks in commerce throughout the United States on, and in connection with diamonds.

13.     Plaintiff carefully supervises, monitors, and controls the quality of all its products to ensure that the products are of a consistently high quality.

14.     Plaintiff has expended significant capital and has devoted substantial amounts of time and money to the production, marketing, and promotion of its FIRE & ICE branded diamonds under the FIRE & ICE® Trademarks.  As a result, the FIRE & ICE® Trademarks are extremely valuable and constitute a valuable asset in the advertising and sale of Plaintiff's diamonds to the public.

15.     Defendant Fire & Ice Diamond Gallery incorporated in Pennsylvania on August 18, 2006 and its website www.fireandicediamondgallery.com was created on January 18, 2008.

16.     In the Fall of 2013, it was brought to Plaintiff's attention by one of its licensees that Defendants were using the mark and name "Fire & Ice Diamond Gallery".  Thereafter, Plaintiff, through counsel, sent a cease and desist

letter to Defendants.  A copy of the letter is attached as Exhibit "B".  Efforts by both Parties have failed to resolve the dispute.

17.     Plaintiff has never granted the Defendants any right to use the FIRE & ICE® Trademarks or trade name.

18.     Notwithstanding this lack of permission, Defendants are using the mark and name FIRE & ICE in conjunction with its jewelry business in Pennsylvania at its store location as well as on the Internet and social media, including through Facebook and Pinterest.  Such infringing use has occurred long after Plaintiff's prior use of the mark and constructive notice of the FIRE & ICE® Trademarks.

19.     Defendants use of the mark and name FIRE & ICE infringes and threatens to destroy the goodwill Plaintiff has established over a long period of time for the sale of diamonds, as Plaintiff has no way of insuring the quality of the goods sold by Defendants and, as such, Plaintiff will be irreparably harmed unless the Defendants are enjoined from the sale of products using infringing trademarks and trade names to that of Plaintiff's FIRE & ICE® Trademarks.

20.     Defendants' use of a trademark and corporate name virtually identical to that of the Plaintiff's FIRE & ICE® Trademarks, in connection with the sale of jewelry, including diamonds, constitutes the use in commerce of the

reproduction, copy, or colorable imitation of a registered trademark, as well as the appropriation of Plaintiff's goodwill and reputation associated with the FIRE & ICE® Trademarks, which is likely to cause confusion or to cause mistake or to deceive, and is causing losses in sales of Plaintiff's genuine FIRE & ICE® diamonds, thereby resulting in lost profits suffered by Plaintiff.

21.     Plaintiff and the public will continue to suffer irreparable injury unless the Defendants are restrained from using its FIRE & ICE mark and name, or any similar marks or names thereto in connection with its business.

22.     If not enjoined by the Court, Defendants will continue to sell product in commerce under its FIRE & ICE mark and name, which will be perceived as having emanated from Plaintiff.  Plaintiff, however, has no control over the nature and quality of the products sold by Defendants, and any fault or objection with the products will adversely affect future sales of genuine diamonds under the authorized use of the FIRE & ICE® Trademarks.

23.     Upon information and belief, Defendants have full knowledge of Plaintiff's exclusive and well-established proprietary rights in and to the FIRE & ICE® Trademarks, but continue to proceed in complete disregard of Plaintiff's rights.

24.    Upon information and belief, Defendant Jones directs and controls the actions of the Defendant Fire & Ice Diamond and has authorized, controlled and directed Fire & Ice Diamond to engage in the activities complained of herein.  Defendant Jones has received and continues to receive pecuniary benefit from the company's ongoing infringing activities, including those described herein.

25.    Defendants' infringing conduct complained of herein is willful and malicious.

26.    Unless immediately restrained and enjoined by this Court, Defendants will continue offering for sale, selling, distributing, and marketing diamonds branded with an infringing mark and name, causing Plaintiff irreparable injury.

27.    Plaintiff has no adequate remedy of law.

## COUNT I

Unauthorized Use and Counterfeit of Federally
Registered Trademarks Under
15 U.S.C. § 1114(1) of the Lanham Act

28.    The allegations contained in paragraphs 1 through 27 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

29.    Defendants' use of its FIRE & ICE mark and name constitutes the use in commerce of a reproduction, copy, counterfeit, or colorable imitation of registered trademarks, as well as the appropriation of Plaintiff's goodwill and reputation associated with the marks, which is likely to cause confusion or to cause mistake or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30.    Defendants' use of its FIRE & ICE mark and name confuses and is likely to confuse the purchasing public as well as others engaged in business relations with Plaintiff.  Defendants' use of its FIRE & ICE mark and name in the offering and sale of its products injures the reputation, goodwill, and prestige of Plaintiff and impairs the value of the FIRE & ICE® Trademarks, which are uniquely associated with Plaintiff's goods, and causes other injury to Plaintiff. Plaintiff and the public will suffer irreparable injury unless the Defendants are restrained from using its Fire & Ice mark.

31.    The Defendants should be permanently enjoined from offering for sale, selling, distributing, and marketing any products using its FIRE & ICE mark and name, or any colorable imitations thereof, or any other confusingly or deceptively similar marks or names pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

## COUNT II

False Designation of Origin and Unfair Competition
Under 15 U.S.C. § 1125(a) of the Lanham Act

32.     The allegations contained in paragraphs 1 through 31 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

33.     At all times relevant to this lawsuit, Plaintiff has sold its diamonds under the FIRE & ICE® Trademarks in interstate commerce.

34.     Plaintiff's FIRE & ICE® Trademarks are uniquely associated with Plaintiff's products.

35.     Defendants' use of its FIRE & ICE mark and name in the offer and sale of its products wrongly and deceptively confuses the public that its products emanate from Plaintiff, all to the detriment of Plaintiff, and will continue to damage Plaintiff unless enjoined by the Court.

36.     As a result of the Defendants' actions, Plaintiff has lost, and will lose in the future, sales in an unknown amount due to the consumers' erroneous belief that the Defendants' products emanate from Plaintiff.

37.     Plaintiff has been and will also continue to be injured by the fact that it has no control over the type or quality of the Defendants' products or the promotional advertising activities utilized by the Defendants.

38.    The Defendants' activities injure the reputation, goodwill, and prestige of Plaintiff, impair the value of the Plaintiff's FIRE & ICE® Trademarks, which are uniquely associated with the Plaintiff's diamonds, and cause other injury to Plaintiff.   Plaintiff and the public will suffer irreparable injury unless the Defendants are restrained from using the infringing FIRE & ICE mark and name.

39.    The aforesaid acts of the Defendants constitute false designation of origin and false description or representation and unfair competition, in violation of 15 U.S.C. § 1125(a) of the Lanham Act.

WHEREFORE, Plaintiff demands that:

A.    The Defendants, including all directors, officers, partners, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from using the FIRE & ICE mark and name or any infringing or colorable imitation of the FIRE & ICE® Trademarks;

B.    Defendants, including all directors, officers, partners, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from otherwise competing unfairly with the Plaintiff;

C.    Defendants pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of their acts of trademark

infringement, false designation of origin and unfair competition, and the content, nature, form and extent of such corrective advertising is to be approved by Plaintiff and this Court;

D.    Defendants deactivate all web sites, and deliver up for destruction any and all product packaging, promotional materials, advertisements, and other items in its possession, custody or control which, if sold or offered for sale, displayed or used would violate the injunction granted by the Court;

E.    Defendants be ordered, pursuant to 15 U.S.C. §1116(a), to serve upon the Plaintiff within thirty (30) days after service on Defendants of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

F.    Defendants be ordered to pay damages suffered by Plaintiff resulting from Defendants' infringing activities, including treble damages sustained by Plaintiff as a direct or indirect result of any of the acts complained of hereinabove;

G.    There be a finding that this matter is exceptional and, accordingly, Defendants be ordered to pay Plaintiff's attorneys' fees and costs pertaining to this action pursuant to 15 U.S.C. § 1117(a) of the Lanham Act; and

H.    Plaintiff be awarded such other and further relief as this Court may deem proper and just.

Respectfully submitted,

Dated:  January 16, 2015

/Brian P. Downey/
Brian P. Downey
Pepper Hamilton LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, PA 17108
Tel.:  717-255-1155
Email:  downeyb@pepperlaw.com

Paul J. Kennedy
Sean P. McConnell (*pro hac pending*)
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel.:  215-981-4000
Email:  kennedyp@pepperlaw.com
          mcconnells@pepperlaw.com

*Attorneys for Plaintiff*
*Pacific Leasehold Company, LLC*

# EXHIBIT "A"

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

Reg. No. 2,456,648

## United States Patent and Trademark Office

Registered June 5, 2001

## TRADEMARK
### PRINCIPAL REGISTER

## FIRE & ICE

ROGERS JEWELRY COMPANY (CALIFORNIA CORPORATION)
1408 10TH STREET
MODESTO, CA 95354

FOR: GEMSTONES NAMELY, DIAMONDS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 11-7-1997; IN COMMERCE 11-7-1997.

SER. NO. 75-622,865, FILED 1-19-1999.

CHRISTOPHER ADKINS, EXAMINING ATTOR-NEY

# United States of America
## United States Patent and Trademark Office

# fire&ice

**Reg. No. 4,053,117**
**Registered Nov. 8, 2011**
**Int. Cl.: 14**

**TRADEMARK**

**PRINCIPAL REGISTER**

ROGERS JEWELRY COMPANY (CALIFORNIA CORPORATION), DBA ROGERS JEWELRY CO.
1408 TENTH STREET
MODESTO, CA 95354

FOR: GEMSTONES, NAMELY, DIAMONDS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 2-6-2010; IN COMMERCE 2-6-2010.

OWNER OF U.S. REG. NO. 2,456,648.

THE MARK CONSISTS OF "FIRE&ICE" IN STYLIZED LETTERING WITH A STYLIZED FLAME IN LIEU OF THE DOT OVER THE LETTER "I" IN THE WORD FIRE.

SER. NO. 85-296,974, FILED 4-15-2011.

WON TEAK OH, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k.  If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date).  The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change.  Please check the
USPTO website for further information.  With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at http://www.uspto.gov.

Page: 2 / RN # 4,053,117

# EXHIBIT "B"

LAW OFFICES OF
# R. MICHAEL WEST
A Professional Corporation

1922 21st STREET
SACRAMENTO, CALIFORNIA 95811
(916) 444-5444
FACSIMILE (916) 444-5441
e-mail  mwest@saciplaw.com

R. MICHAEL WEST
ALSO MEMBER OF ARIZONA BAR

INTELLECTUAL PROPERTY LAW
PATENTS TRADEMARKS COPYRIGHTS
TRADE SECRETS AND UNFAIR
COMPETITION

September 24, 2013

Via CERTIFIED MAIL

File 10218-Inf-V

Ms. Kathy E. Jones, President
Fire & Ice Diamond Gallery, Inc.
1156 Walnut Bottom Road
Carlisle, Pennsylvania 17015-9130

Re: __Infringement Of Federally Registered Trademark - FIRE & ICE®__

Dear Ms. Jones

This letter is being sent to you in your capacity as the President of Fire & Ice Diamond Gallery, Inc.

My firm  represents Rogers Jewelry Company ("Rogers"), in trademark matters.

Rogers has been in the jewelry and diamond business for many years throughout California and Nevada. In addition, Rogers has a substantial presence on the Internet by virtue of its two Web Sites. See: http://www.rogers-jewelers.com/; and, http://www.thinkrogers.com/.

On or about November 7, 1997, Rogers adopted and began using in commerce, the trademark FIRE & ICE, in connection with Gemstones, Namely, Diamonds, in International Class 14. Since that date to the present, use of the FIRE & ICE trademark by my client has been continuous.

Rogers applied for and was granted Federal Registration No. 2,456,648, for FIRE & ICE®. The '648 Registration issued on June 5, 2001, and that Registration is now incontestible. A copy of the '648 Registration is enclosed for your reference.

It has recently come to my client's attention through various Internet references, that your company is doing business as Fire & Ice Diamond Gallery, and is offering various jewelry and diamond products for sale to the public. See, http://www.fireandicediamondgallery.com/.

It appears from the Pennsylvania Department Of State Web Site, that Fire & Ice Diamond Gallery, Inc. came into existence on or about August 18, 2006. If we assume that your company began using Fire & Ice Diamond Gallery as a tradename or as a trademark immediately after that date, my client

Ms. Kathy E. Jones
September 24, 2013
Page 2

has prior rights to the FIRE & ICE trademark. Moreover, the '648 Registration issued more than five (5) years before your company came into existence, providing you and your company with constructive notice of my client's prior rights.

In view of the facts that my client has prior rights to the FIRE & ICE trademark, that the goods of the parties are identical, that the channels of commerce for the respective goods are identical, and that the class of consumers who purchase the respective goods is identical, there is a strong likelihood of consumer confusion created by your company's concurrent use of a nearly identical term both as a tradename and as a trademark.

You should be advised that Fire & Ice Diamond Gallery's use of FIRE & ICE constitutes trademark infringement, *actionable* under both State and Federal law. Remedies for infringement include injunctive relief, monetary damages, enhanced damages for an "exceptional case", and attorney's fees.

Therefore, on behalf of my client, demand is made that you and your company immediately cease and desist from any further acts of trademark infringement. Demand is also made that any form of electronic or printed advertising bearing, showing, or in any way referring to Fire & Ice Diamond Gallery, or any other colorable form thereof, be changed or destroyed, so that the consuming public will no longer be exposed to the infringing uses. Such action will also include modification of your Internet Web Site, or any links or references to that Web Site, over which you have control.

I have docketed **October 7, 2013,** for receipt of your written assurances that all infringing uses of my client's trademark have ceased, and that compliance has been made with the demands set forth above.

No waiver is made of any other remedies available, and Rogers Jewelry Company reserves the right to pursue such remedies at its election.

Sincerely yours,

R. Michael West

RMW/cb
Enclosure: as stated

cc. Rogers Jewelry Company